IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BYRON JAMES KIRTDOLL, )
)
      Petitioner, )
)
v. ) Case No. 17-3093-SAC
)
WARDEN JAMES HEIMGARTNER, )
)
      Respondent. )

## MEMORANDUM AND ORDER

Pro se petitioner Bryon J. Kirtdoll seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9). His sole ground for relief is a challenge to the Hard 50 sentence imposed on him. For the reasons stated below, the Court denies the petition.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted of premeditated first-degree murder and two counts of aggravated robbery arising from a nightclub shooting. He was sentenced to life in prison without the possibility of parole for 50 years (the hard 50) for the first-degree murder conviction and two 41–month sentences for the aggravated battery convictions. The sentences were ordered to run consecutively.[1]

Petitioner filed a direct appeal and two post-conviction motions under K.S.A. 60-1507 attacking his sentence.[2] In 2013, he filed a Motion to Vacate Sentence under K.S.A. 22-3504 to correct an illegal sentence and a motion under K.S.A. 60-1507 as a post-conviction collateral attack of sentence. In the motion to correct an illegal sentence, petitioner argued that *Alleyne v.*

---

[1] *State v. Kirtdoll*, 136 P.3d 417 (Kan. 2006).
[2] *Kirtdoll v. State*, No. 100,880, 2009 WL 2766290 (Kan. App. 2009) (unpublished opinion), rev. denied 290 Kan. 094 10); *Kirtdoll v. State*, No. 107,385, 2013 WL 517812 (Kan. App.) (unpublished opinion), rev. denied 297 Kan. 1246 (2013).

*United States*[3] renders judicially enhanced life sentence unconstitutional and therefore illegal.[4] The Kansas Supreme Court affirmed the decision, holding that *Alleyne* cannot be applied retroactively to cases that were final when *Alleyne* was decided. Therefore, it ruled that Kirtdoll's hard 50 life sentence was to remain intact.[5]

## ANALYSIS

The review of habeas petitions is governed by 28 U.S.C. §2254 and focuses on how the state court resolved the claims. If the claim was adjudicated on the merits, the court will grant relief only if the state court decision "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6] Federal courts are to measure state court decisions against United State Supreme Court's precedents as of "the time the state court renders its decision."[7]

Kirtdoll argues he is entitled to federal habeas relief because his hard 50 sentence violates his Sixth Amendment right. In *Alleyne*, the Supreme Court expanded the reach of the Sixth Amendment's right to a jury trial by requiring that any fact which increases a sentence beyond the mandatory minimum must also be submitted to a jury and proven beyond a reasonable doubt.[8] The Kansas hard 50 sentencing scheme was then found to be unconstitutional because it allowed a judge to determine facts that would enhance the mandatory minimum sentence.[9] For

---

[3] 133 S. Ct. 2151 (2013)
[4] *Kirtdoll v. State*, 306 Kan. 335, 341, 393 P.3d 1053 (2017).
[5] *Id.*
[6] 28 U.S.C. § 2254(d)
[7] *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (internal quotations and citation omitted).
[8] *Alleyne*, 133 S. Ct. at 2162-63.
[9] *State v. Soto*, 299 Kan. 102, 122, 322 P.3d 334 (2014) (remanded for resentencing after applying *Alleyne* to defendant, whose case was not final). A judgment becomes final when the direct state appeals have been exhausted

cases that were already final when *Alleyne* was decided, Kansas courts had not considered whether *Alleyne* could be retroactively applied to invalidate a sentence, until the Petitioner's appeal.[10]

The United States District Court for the District of Kansas has already considered whether *Alleyne* could be retroactively applied, and has determined that it cannot be applied to cases on collateral review.[11] Nor has the United States Supreme Court made *Alleyne*'s new rule retroactive to cases on collateral rule.[12]

The Kansas Supreme Court rendered its decision on petitioner's sentence in 2006, and the United States Supreme Court rendered its decision in *Alleyne* in 2013. Because the Alleyne decision is not applied retroactively, the Petitioner cannot use that precedent to invalidate his sentence.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts, the district court must either issue or deny a certificate of appealability when it enters a final order that is adverse to the petitioner. A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" and the Court specifically identifies the issue or issues that merit additional review. 28 U.S.C. § 2253. A petitioner meets this standard by showing that the issues presented are debatable among jurists, that a court could resolve the claims differently, or that the questions warrant additional review. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S.

---

and petition for a writ of certiorari from the United States Supreme Court has been denied or barred by time. *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1987).
[10] *Kirtdoll*, 306 Kan. at 341 (holding that *Alleyne* cannot be applied retroactively).
[11] *Appleby v. Cline*, No. 15-3038-JTM, 2016 WL 7440821, at *8 (D. Kan. Dec. 27, 2016); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013).
[12] *Appleby*, 2016 WL 7440821 at *8.

880, 893 (1983). The present case does not meet this standard as the legal principle that governs the result is settled.

**IT IS THEREFORE ORDERED** by the Court ordered the Petition for Writ of Habeas Corpus is denied.

**IT IS FURTHER ORDERED** a Certificate of Appealability is denied.

DATED: This 31st day of October, 2017, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW

U.S. Senior District Judge